IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TIMOTHY LAMB,<br><br>Defendant. | Case No. CR12-3033<br><br>ORDER FOR PRETRIAL DETENTION |

On the 27th day of July, 2012, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney John H. Lammers. The Defendant appeared personally and was represented by his attorney, Michael K. Lahammer.

## I. RELEVANT FACTS AND PROCEEDINGS

On July 19, 2012, Defendant Timothy Lamb was charged by Indictment (docket number 1) with conspiracy to distribute methamphetamine. At the arraignment on July 24, 2012, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on September 24, 2012.

At the hearing, DEA Special Agent Chris Nissen testified regarding the circumstances underlying the instant charge. Defendant is named in a conspiracy to distribute methamphetamine in northwest Iowa. As part of the investigation of the drug conspiracy, law enforcement learned that Yolanda Hernandez supplied Brent Lamp with methamphetamine. Lamp informed law enforcement that he partnered with Defendant and another individual to purchase their first supply of methamphetamine from Hernandez. Lamp further informed law enforcement that Defendant sold the methamphetamine at street level. According to Lamp, he, Defendant, and the other individual entered into an

arrangement where Lamp purchased methamphetamine from Hernandez, split the supply of methamphetamine between Defendant and the other individual, and Defendant and the other individual sold the methamphetamine and returned the proceeds to Lamp. Additionally, Trista Espinosa, Lamp's girlfriend and co-conspirator, was also interviewd by law enforcement. According to Special Agent Nissen, Espinosa provided identical information as Lamp to law enforcement regarding Defendant's invovlement with Lamp's distribution of methamphetamine.

According to the pretrial services report, Defendant is 47 years old. He was born in Fort Dodge, Iowa. He has lived in Fort Dodge his entire life. He is married and has no children. Since May 2012, Defendant has been employed as a machine line operator at Advanced Drainage Systems in Eagle Grove, Iowa. Prior to his employment at Advanced Drainage Systems, Defendant attended Iowa Central Community College for two years. He obtained a diploma in industrial mechanics.

Defendant is in good physical health and reports no present or past mental or emotional health concerns. Defendant told the pretrial services officer that he has not consumed alcohol in over 10 years. He also stated that he had not smoked marijuana for 20 years. According to Defendant, for 20 years prior to 2008, he used methamphetamine on a regular basis. He was incarcerated from 2008 to 2010, and since 2010, he states that he has been drug free. Defendant participated in drug treatment while incarcerated.

Defendant has an extensive criminal history. In 1985, he was charged and later convicted of fifth degree criminal mischief. In 1989, Defendant was charged and later convicted of assault. He was sentenced to 180 days in jail, with 178 days suspended, and 1 year probation. In 1990, his probation was revoked, and he was sentenced to 6 months in jail.

In 1994, Defendant was arrested four times. In February, Defendant was charged in two separate cases with OWI and domestic abuse. The domestic abuse charge was dismissed and the disposition of the OWI charge is unknown. On March 7, 1994, Defendant was charged and later convicted of domestic abuse assault. On March 14,

1994, Defendant was charged with driving with a suspended license. The disposition of that charge is unknown. In September, Defendant was charged and later convicted of possession of a controlled substance. He was sentenced to 1 year probation.

In April 1995, while on probation in the possession of a controlled substance charge, Defendant was charged and later convicted of contempt. In November 1995, while still on probation, Defendant was charged and later convicted of driving with a suspended license. He was sentenced to 180 days in jail, with 165 days suspended, and 2 years probation.

On April 17, 1996, Defendant was charged in three separate cases with failure to affix a tax stamp, and controlled substance violation twice. Defendant was on probation at the time of these charges. One of the controlled substance violation charges was dismissed. In the other other controlled substance violation charge, Defendant failed to appear for a court proceeding, and an arrest warrant was issued and later returned. He was sentenced to 1 year in prison, which was suspended, 3 years probation, and 180 days in a residential correctional facility. In the failure to affix a tax stamp charge, Defendant was sentenced to 5 years in prison, which was suspended, 3 years probation, and 180 days in a residential correctional facility.

In 1997, while on probation for multiple offenses, Defendant was charged and later convicted of driving while barred, habitual offender. He was sentenced to 6 months in jail, with 160 days suspended, and 2 years probation.[1]

On April 15, 1998, Defendant failed to appear for a probation violation hearing in the 1995 driving with a suspended license case, the 1996 failure to affix tax stamp case, and the 1996 controlled substance violation case. An arrest warrant was issued and later returned. Defendant's probation in each of those cases was revoked. He was sentenced to 180 days in jail on the driving with a suspended license charge. His sentence was discharged on July 6, 1998. In the failure to affix a tax stamp case, Defendant was

---

[1] In May 1998, Defendant failed to appear for court hearing and was placed in contempt of court. An arrest warrant was issued and later returned. The contempt charge was ultimately set aside.

3

sentenced to 5 years in prison. He was paroled on July 14, 1999, and his sentence was discharged on August 7, 2000. In the controlled substance violation case, he was sentenced to 1 year in prison. His sentence was discharged on December 14, 1998.

In June 2000, while on parole in the failure to affix tax stamp case, Defendant was charged and later convicted of driving while barred, habitual offender. He was sentenced to 2 years in prison, which was suspended, and 1 year probation. His probation was terminated on October 29, 2001.

In February 2008, Defendant was charged and later convicted of manufacturing a controlled substance or conspiracy to manufacture a controlled substance, second offense.[2] He was sentenced to 10 years in prison. He was paroled on January 8, 2010.[3]

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

---

[2] He was also charged with separate counts of possession of anhydrous ammonia, possession of lithium, and possession of pseudoephedrine. However, those charges were later dismissed.

[3] The tentative parole discharge date is December 2, 2012.

4

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger

to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute methamphetamine. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

Regarding the second step, pursuant to § 3142(e)(3)(A), there is a rebuttable presumption in favor of detention. While it is difficult for the Court in a detention hearing to weigh the evidence of an alleged conspiracy, it appears that the evidence against Defendant is strong. Two co-conspirators, Brent Lamb and Trista Espinosa, described to law enforcement an arrangement between Defendant and Lamb for the distribution of methamphetamine. Specifically, Lamb reported that he purchased methamphetamine from Yolanda Hernandez, split up the purchased methamphetamine between Defendant and

another individual, and Defendant would sell the methamphetamine and return the proceeds to Lamb.

As a general proposition, the distribution of drugs constitutes a general danger to the community. The Court is particularly concerned with Defendant's criminal history, including multiple drug convictions. Defendant also has a history of failing to appear for court proceedings, violating probation, and committing criminal offenses while on probation and parole. The Court has no confidence that Defendant would comply with the terms and conditions it would impose if he were released. Accordingly, there is no condition or combination of conditions that would assure Defendant's appearance for court proceedings, or assure the safety of the community if Defendant is released. Therefore, based on the serious nature and circumstances of the offense, Defendant's extensive criminal history, including multiple drug convictions, Defendant's history of multiple violations of probation and parole, Defendant's history of failing to appear for court proceedings, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant is hereby advised of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (July 24, 2012) to the filing of this Ruling (July 30, 2012) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 27 day of July, 2012.

_____
LEONARD T. STRAND
MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA